■ In the Matter of VINCENT A. D'APRILE, Appellant, v WILLIAM G. HAYMAN, as Superintendent of Buildings of the City of Kingston, et al., Respondents. [611 NYS2d 328] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered January 21, 1993 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Buildings of the City of Kingston permitting modification of the site plans of respondents Donald Boyce and Patricia Boyce.

Respondents Donald Boyce and Patricia Boyce were issued an area variance on August 20, 1991 by the City of Kingston Zoning Board of Appeals (hereinafter the Board) to build a one-family dwelling on an undersized lot. The Board determined that the property in question was designated for residential use and granted the variance allowing a side-yard setback of 14.28 feet as opposed to the 15-foot requirement, finding that it would not cause a substantial change in the character of the neighborhood and would conform with residential use. The premises are located in the "RRR One-Family Residence District" and subject to City of Kingston Code § 123-7.

Subsequently, the Boyces sought from respondent Superintendent of Buildings of the City of Kingston a change in their building plan to reroute the driveway for a rear entrance garage due to the nature of the grade of the property. This modification was granted and the Boyces were ordered to build a retaining wall to run along the driveway next to petitioner's property to prevent the runoff of water thereon.

Petitioner's present challenge to the authority of the Superintendent to modify the building plans which were submitted as part of the application for an area variance was dismissed by Supreme Court. The court found that the Superintendent's actions did not implicate the grant of the variance by the City.

We agree and note additionally that, pursuant to City of Kingston Code § 123-7 (A) (1), one-family dwellings are exempt from the requirements of a site plan review. Further, pursuant to City of Kingston Code § 325-8 (c) (3), the Superintendent has authority to waive the requirement of submitting plans.

Petitioner's contention that the new plans violate Education Law § 7209 (7) (b), as they bear no architect's stamp or engineering approval, is without merit. This statute is not applicable to the residence at hand as it approximates 1,196 square feet and the statute applies to residences of over 1,500 square feet. Finally, petitioner contends that the retaining wall is not in compliance with the State Uniform Fire Prevention and Building Code (9 NYCRR part 600) and urges that its approval by the Superintendent was arbitrary and capricious. The local code enforcement officer determines compliance with the State Uniform Fire Prevention and Building Code (Executive Law § 381 [2]; 19 NYCRR part 444). No abuse of the exercise of his authority to make such determination has been demonstrated.

Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.